UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEADOWWOOD PARK RANCH ESTATES, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:06-CV-0444-G |
| MARK SMITH, ET AL., | ) ) | **ECF** |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, Meadowwood Park Ranch Estates, Inc. ("the plaintiff" or "Meadowwood"), and of the third-party defendants, Paul Bergstrom, Karen McCright and Sam McCright (collectively, "the third-party defendants"), to remand ("the motion to remand") this case to the state district court from which it was previously removed, and the motion of Charles Hoback ("Hoback") to intervene ("the motion to intervene"). For the reasons discussed below, the motion to remand is granted and the motion to intervene is denied as moot.

I. BACKGROUND

The plaintiff is the homeowners' association for the Meadowwood Park Ranch Estates subdivision ("the subdivision"), located in Kaufman County, Texas. *See* Plaintiff's Original Petition ("Petition") ¶¶ 9, 11, *attached to* Defendants' Notice of Removal. All of the lots in the subdivision contain deed restrictions that prohibit property owners from building any structures aside from single family residences, garages or guest houses. *Id.* ¶¶ 11-12. The defendants, Mark and Melissa Smith ("the Smiths"), own a lot in the subdivision, and the defendant, Netport Heath, Ltd. ("Netport") (collectively, "the defendants"), is a wireless internet service provider. *Id.* ¶¶ 12-13.

In order to obtain wireless internet service, the Smiths contracted with Netport to construct a ninety-foot tall antenna on the Smiths' property in the subdivision. *Id.* ¶ 14; Plaintiff and Third-Party Defendants' Brief in Support of the Motion to Remand ("Plaintiff's Brief") at 2. Meadowwood responded by filing suit in the 422nd District Court of Kaufman County to enforce the deed restrictions of the subdivision in accordance with § 202.004(b) of the Texas Property Code.[1] Netport, in turn, filed an answer with affirmative defenses, special exceptions and counterclaims alleging, *inter alia*, that the deed restrictions in question are barred by § 207 of the Telecommunications Act of 1996 ("the Act") and rules promulgated by

---

[1] Meadowwood also alleged nuisance in its state court petition, but that claim is not relevant to this motion.

the Federal Communication Commission ("the FCC") in accordance therewith.  *See* Netport's Original Answer, Counterclaim & Third-party Petition ("Netport's Answer") ¶¶ 3.1, 4.1 and 7.1.  Netport then removed this action to federal court based on its allegations regarding § 207.

## II.  ANALYSIS

### A.  Legal Standard for Remand

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Under this statute, "[a] defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court." *Aaron v. National Union Fire Insurance Company of Pittsburg, Pennsylvania*, 876 F.2d 1157, 1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990) (citations omitted). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); see also *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Furthermore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941); *Healy v. Ratta*,

292 U.S. 263, 270 (1934). The burden of establishing federal jurisdiction is on the party seeking removal. *Frank*, 128 F. 3d at 921-22; *Willy*, 855 F.2d at 1164.

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Frank*, 128 F.3d at 922. In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff to be the "master to decide what law he will rely upon" in pursuing his claims. *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 25 (1913); *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Aaron*, 876 F.2d at 1160-61. Therefore, where potential remedies exist under both state and federal law, a plaintiff may choose to proceed only under state law and avoid federal court jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir.1995).

"There is an exception to the well-pleaded complaint rule, though, if Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (quoting *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63-64 (1987)), *cert. denied*, 540 U.S. 1104 (2004). Complete preemption "'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of . . . making removal available to the defendant." *McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998); see also *Johnson v. Baylor University*,

214 F.3d 630, 632 (5th Cir.), *cert. denied*, 531 U.S. 1012 (2000).  By contrast, "conflict" or "ordinary" preemption "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim."  *Arana*, 338 F.3d at 439.  Accordingly, "*defenses*, including a federal statute's preemptive effect, *do not provide a basis for removal.*"  *PCI Transportation, Inc. v. Fort Worth & Western Railroad Co.*, 418 F.3d 535, 543 (5th Cir. 2005) (emphasis in original).

### B.  Jurisdiction

In order for this court to exercise jurisdiction over Meadowwood's claim under a theory of complete preemption, Fifth Circuit precedent requires the defendants to show:  (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) Congress intended the federal action be exclusive.  See *PCI Transportation*, 418 F.3d at 543-44; see also *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 775-76 (5th Cir. 2003).  However, the defendants must also meet the preliminary requirement of showing that the plaintiff's claim is governed by the federal law at issue.  See *Howery v. Allstate Insurance Company*, 243 F.3d 912, 916 (5th Cir.) (requiring a defendant to "at the very least, have alleged facts . . . that establish federal subject-matter

jurisdiction"), *cert. denied*, 534 U.S. 993 (2001). Because the defendants fail to meet this preliminary requirement, this case must be remanded to the state district court.

Nowhere does Meadowwood's complaint mention the federal law under which Netport has sought to remove this action. Therefore, subject matter jurisdiction may only be premised on Netport's Answer, in which Netport contends that this case hinges on an FCC regulation that prohibits "local governmental and private restrictions that impair the installation, maintenance or use of antennas *covered by the rule*." *See* Netport's Answer at ¶ 7.1(b) (emphasis added). However, Netport fails to show that the antenna complained of in this case falls within the provisions of the relevant regulation -- 47 C.F.R. § 1.4000.

Section 1.4000, in relevant part, forbids the restriction of antennas (1) that transmit fixed wireless signals, and (2) that are one meter or less in diameter or diagonal measurement.[2] 47 C.F.R. § 1.4000(a)(1)(i)-(ii). Although Netport has alleged satisfaction of the first requirement, it has failed to explain how § 1.4000 protects the ninety-foot tall antenna at issue in this case.[3] *See* Netport's Answer

---

[2] Section 1.4000 also protects antennas of any size that are "used to receive television broadcast signals." 47 C.F.R. § 1.4000(a)(1)(iii). However, Netport has alleged only that the antenna at issue in this case was used to "receive and transmit fixed wireless signals." *See* Netport's Answer ¶ 7.1(b).

[3] Furthermore, § 1.4000(c) includes a proviso that limits the protections of the regulation to those antennas used to transmit fixed wireless signals that are affixed with a warning label providing information regarding potential radio frequency safety hazards and references to the applicable FCC limits for radio

(continued...)

¶ 7.1(b); Plaintiff's Petition ¶ 15; Plaintiff's Brief at 3.  Consequently, Netport has failed to meet its burden of clearly alleging facts to demonstrate subject matter jurisdiction.  See *Howery*, 243 F.3d at 916.

Because Netport has not clearly alleged that § 1.4000 is applicable to the plaintiff's cause of action, it has not satisfied its burden of demonstrating subject matter jurisdiction, and the court need not determine whether § 1.4000 completely preempts Meadowwood's claims under the Texas Property Code.

### III.  CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand this action to the **422nd District Court of Kaufman County, Texas** is **GRANTED**.  The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Kaufman County, Texas.  28 U.S.C. § 1447(c).

Because this court lacks subject matter jurisdiction to consider Hoback's motion to intervene, that motion is **DENIED** as moot without prejudice to its refiling in the state district court.

---

[3](...continued)
frequency exposure.  47 C.F.R. § 1.4000(c).  Netport has not alleged that the antenna at issue contains such a label.

**SO ORDERED**.

November 7, 2006.

_____
A. JOE FISH
CHIEF JUDGE